# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

VIVIAN M. HUGUELY,                              :

                  Plaintiff,

   -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,
                  Defendant.          :

Case No. 3:08-cv-113

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

Plaintiff brought this action pursuant to 42 U.S.C. §405(g), as incorporated into 42 U.S.C. §1383(c)(3), for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence

is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law), against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner, supra.* If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

To qualify for supplemental security income SSI benefits (SSI), a claimant must file an application and be an "eligible individual" as defined in the Social Security Act. 42 U.S.C. §1381a. With respect to the present case, eligibility is dependent upon disability, income, and other financial resources. 42 U.S.C. §1382(a). To establish disability, a claimant must show that the claimant is suffering from a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(A). A claimant must also show that the impairment precludes performance of the claimant's former job or any other substantial gainful work which exists in the national economy in significant numbers. 42 U.S.C. §1382c(a)(3)(B). Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits

2

prior to the date that the claimant files an SSI application. *See,* 20 C.F.R. §416.335.

The Commissioner has established a sequential evaluation process for disability determinations. 20 C.F.R. §404.1520 . First, if the claimant is currently engaged in substantial gainful activity, the claimant is found not disabled. Second, if the claimant is not presently engaged in substantial gainful activity, the Commissioner determines if the claimant has a severe impairment or impairments; if not, the claimant is found not disabled. Third, if the claimant has a severe impairment, it is compared with the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1 . If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded. 20 C.F.R. §404.1520(d). Fourth, if the claimant's impairments do not meet or equal a listed impairment, the Commissioner determines if the impairments prevent the claimant from returning to his regular previous employment; if not, the claimant is found not disabled. Fifth, if the claimant is unable to return to his regular previous employment, he has established a *prima facie* case of disability and the burden of proof shifts to the Commissioner to show that there is work which exists in significant numbers in the national economy which the claimant can perform. *Bowen v. Yuckert,* 482 U.S. 137, 145, n.5 (1987).

Plaintiff filed an application for SSI alleging disability from March 1, 2002, due to asthma, Grave's disease, and a heart impairment. (Tr. 53-55; 58-64). Plaintiff's application was denied initially and on reconsideration. (Tr. 35-38; 40-42). A hearing was held before Administrative Law Judge Thaddeus Armstead, (Tr. 309-50), who determined that Plaintiff is not disabled. (Tr. 14-26). The Appeals Council denied Plaintiff's request for review, (Tr. 5-7), and Judge Armstead's decision became the Commissioner's final decision.

In determining that Plaintiff is not disabled, Judge Armstead found that Plaintiff has

severe coronary artery disease with cardiomyopathy, hypertension, mild obesity, asthma, degenerative disk disease of the lumbosacral spine, a history of anemia, a history of Grave's disease, borderline intellectual functioning, and a depressive disorder NOS, but that she does not have an impairment or combination of impairments that meets or equals the Listings. (Tr. 25, finding 2). Judge Armstead also found that Plaintiff has the residual functional capacity to perform a limited range of light work. *Id.,* finding 3. Judge Armstead then used sections 202.17 and 202.10 of the Grid as a framework for deciding, coupled with a vocational expert's (VE) testimony, and concluded that there is a significant number of jobs in the economy that Plaintiff is capable of performing. (Tr. 26, findings 10, 11). Judge Armstead concluded that Plaintiff is not disabled and therefore not entitled to benefits under the Act. (Tr. 26).

The record contains a copy of Plaintiff's treatment notes from the Hopeland Health Center and the Cassano Health Center dated March, 2001, through September, 2005. (Tr. 141-58; 165-72; 249-52; 258-91). Those records reveal that Plaintiff received general medical care at those facilities. *Id.*

Plaintiff has a history of asthma. For example, Plaintiff was hospitalized July 1-6, 2001, for treatment of asthma and on occasion she sought emergency room treatment for exacerbation of her asthma-related symptoms. *See,* Tr. 98-112; 241-48. During the July, 2001, hospitalization, Plaintiff was diagnosed with Grave's disease. *Id.*

Over time, Plaintiff was treated medically for her Grave's disease by Dr. Galbraith. *See,* Tr. 199-217; 253-56; 253-56.

In August, 2002, Plaintiff underwent a cardiac catheterization which revealed cardiomyopathy out of proportion to the extent of her coronary artery disease. (Tr. 115-24). Plaintiff

treated with cardiologist Dr. Roberts during the period June, 2002, through at least December, 2005. *See,* Tr. 218-40; 292-97; 300-01.

Examining psychologist Dr. Bonds reported on March 16, 2004, that Plaintiff completed the eleventh grade, that her speech was normal, her mood depressed, her affect broad and appropriate, and that she did not display any overt signs of anxiety. (Tr. 173-80). Dr. Bonds also reported that Plaintiff was alert and oriented, had sufficient judgment to live independently, make important decisions, and manage her funds, and that she was cooperative. *Id.* Dr. Bonds noted that Plaintiff's verbal IQ was 70, her performance IQ was 72, and her full scale IQ was 68, that her memory was at the extremely low range of functioning, and that her reading abilities were at the 2.2, 6.0, and 6.2 grade levels. *Id.* Dr. Bonds identified Plaintiff's diagnoses as depressive disorder NOS and borderline intellectual functioning and he assigned her a GAF of 50. *Id.* Dr. Bonds opined that Plaintiff's ability to relate to others was moderately limited, her ability to understand, remember, and follow instructions was moderately limited, her ability to maintain attention, concentration, persistence, and pace to perform simple repetitive tasks was mildly limited, and her ability to withstand the stress and pressure associated with day-to-day work activities was moderately limited. *Id.*

On September 12, 2005, treating cardiologist Dr. Roberts reported that Plaintiff's diagnoses were hypertensive heart disease, cardiomyopathy with an ejection fraction of 25-30%, ASHD, anemia, asthma, and renal lithiasis. (Tr. 296). Dr. Roberts also reported that Plaintiff was a medication-dependent person. *Id.*

A February 2, 2006, MRI of Plaintiff's lumbar spine revealed multilevel degenerative disc disease with bulging/protrusion and spondylosis. (Tr. 302-03). On that same date, an x-ray of

Plaintiff's lumbar spine revealed degenerative changes of the lower lumbar spine. *Id.*

The medical advisor (MA) testified at the hearing that there was no objective medical evidence in the record with respect to Plaintiff's alleged back and leg impairments and that Plaintiff's impairments did not meet or equal the Listings. (Tr. 325-37). The MA also testified that during the period March 1, 2002, through February 25, 2003, Plaintiff was able to perform sedentary work and that subsequently, she was able to perform light work. *Id.* The MA testified further that it would be reasonable for Plaintiff's medications to make her feel fatigued. *Id.*

In her Statement of Errors, Plaintiff alleges that the Commissioner erred in his analysis of her subjective complaints. (Doc. 7). Specifically, Plaintiff's position is that the Commissioner failed to consider the side effects of her medications when determining that she is not disabled.

It is, of course, for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant. *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 247 (6th Cir. 2007)(citations omitted). An administrative law judge's credibility findings are entitled to considerable deference and should not be lightly discarded. *See, Villarreal v. Secretary of Health and Human Services,* 818 F.2d 461 (6th Cir. 1987); *Casey v. Secretary of Health and Human Services,* 987 F.2d 1230 (6th Cir. 1993). Determination of credibility related to subjective complaints rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant is invaluable and should not be discarded lightly. *Gaffney v. Bowen,* 825 F.2d 98 (6th Cir. 1987).

However, the ALJ is not free to make credibility determinations based solely upon an "intangible or intuitive notion about an individual's credibility." *Rogers, supra* (citation omitted). Rather, such determination must find support in the record. *Id.* Whenever a claimant's complaints

regarding symptoms or their intensity and persistence are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints "based on a consideration of the entire case record." *Id.* The entire case record includes any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record. *Id.* Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant while inconsistency, although not necessarily defeating, should have the opposite effect. *Id.*

Although Judge Armstead determined that Plaintiff's allegations and subjective complaints were credible in part, he also determined that they were not sufficiently credible to support her allegation of total disability. (Tr. 22-23). This Court concludes that the Commissioner did not err by reaching that conclusion.

First, the Court notes that no medical expert of record, including treating physicians, have opined that Plaintiff is disabled. Although Dr. Roberts requested, in September, 2005, that Plaintiff's employer allow her to take a three-month leave of absence, (Tr. 293), that request does not support a finding of total disability for two reasons. First, a three-month period does not satisfy the durational requirements of the Act. Second, Plaintiff's alleged need to take a three-month leave of absence from her job, thereby raising the inference that she was not able to perform that job, does not establish that Plaintiff is not capable of performing any substantial gainful activity. Indeed, Judge Armstead determined that Plaintiff was not able to perform her past relevant work. (Tr. 25, finding 5).

Second, contrary to Plaintiff's argument, the Commissioner did not completely reject

7

Plaintiff's allegations that her medications caused her to be fatigued. Rather, Judge Armstead took that allegation into consideration when he limited Plaintiff to jobs that are no more than simple and repetitive and which do not involve exposure to hazards. Further, a review of the MA's testimony reveals that he was aware of Plaintiff's allegations of fatigue when he determined that subsequent to February 25, 2003, and certainly at the time of the hearing, Plaintiff was able to perform a limited range of light work.

Under these facts, the Commissioner had an adequate basis for rejecting Plaintiff's allegation of total disability.

Our duty on appeal is not to re-weigh the evidence, but to determine whether the decision below is supported by substantial evidence. *See, Raisor v. Schweiker,* 540 F.Supp. 686 (S.D.Ohio 1982). The evidence "must do more than create a suspicion of the existence of the fact to be established. ... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Secretary of Health and Human Services,* 802 F.2d 839, 840 (6th Cir. 1986), *quoting, NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300 (1939). The Commissioner's decision in this case is supported by such evidence.

It is therefore recommended that the Commissioner's decision that Plaintiff was not disabled and therefore not entitled to benefits under the Act be affirmed.

March 5, 2009.

> s/ Michael R. Merz
> United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).